GARDNER, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 12—April 7, 1937.*

For the plaintiff in error the cause was submitted on the brief of *J. E. O'Brien* of Fond du Lac.

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, *L. E. Gooding,* acting district attorney of Fond du Lac county, and *Hazen W. McEssy,* assistant district attorney, and oral argument by *Mr. Gooding* and *Mr. Messerschmidt.*

FRITZ, J.   The plaintiff in error, Elmer Gardner, is the defendant in a bastardy action commenced on the complaint of Helen Zickau in the municipal court of Fond du Lac county.   On August 21, 1934, he appeared in that court and, upon reading the complaint, the court set the preliminary examination for August 30, 1934, and fixed his bail bond at $1,000.   He deposited that amount in cash and was released. Thereafter, he went to the district attorney and proposed to settle with Helen Zickau.   The district attorney told him that settlements were generally made for $750, but that he should get a lawyer.   He replied that he did not need any.   Subsequently, Gardner went with Helen Zickau to the district attorney and discussed the terms of a proposed agreement under sec. 166.07, Stats.   She refused to consent to payment of only $750.   They finally agreed on $16 per month and certain expenses, to be paid under conditions specified in a written agreement which, as drawn by the district attorney and signed by the parties, and approved by the municipal court on September 1, 1934, is in compliance with sec. 166.07, Stats. It expressly provides that both parties submit to the jurisdiction of the municipal court, and consent to the entry of judgment in accordance with the agreement; that if a child is born to the complainant she will care for it, and that Gardner is the father thereof; that she has never been married; that he will pay the confinement expenses, and also, if the child is born illegitimate and alive, $16 per month for its benefit from two weeks after birth until it is sixteen years old, or the funeral expenses if it is born dead or dies before it is six-

teen years, whereupon he will be relieved from making further payments; and that to secure those payments he was to deposit $1,000, which was to be invested and was to revert to complaining witness if he defaulted. Gardner deposited that amount upon the court's approval of the agreement, but, after the child was born on October 9, 1934, he defaulted in making the payments. Thereupon, the district attorney proceeded, under the provision in sec. 166.07, Stats., that "upon motion of the district attorney, the judge of the court of record having power to enter final judgment in illegitimacy proceedings, being satisfied with the terms of the agreement, shall order judgment in accordance therewith if paternity of the child is admitted," to enter judgment in the municipal court in accordance with the September 1, 1934, contract. On January 4, 1935, Gardner appeared with his attorney, and tendered a plea of not guilty. The court refused to receive that plea, or to order a preliminary examination. It permitted the testimony of Helen Zickau to be taken as to the date of the child's birth; that it was living with her; and that she was not married. The court sustained objections to questions put to her on cross-examination by Gardner's attorney as to the date of conception, and as to whether she had associated or had intercourse with other men. The court also excluded all inquiries usually made to determine the liability of a defendant in such proceedings in the absence of an agreement under sec. 166.07, Stats. No plea or evidence was offered in municipal court that the agreement approved on September 1, 1934, was made under duress, coercion, or fraud; and, at the conclusion of the hearing on January 4, 1935, the court entered a final judgment in accordance with that agreement.

On Gardner's appeal to circuit court his attorney, in addition to contending that the municipal court erred in ruling adversely to him in respects stated above, offered to prove

that the agreement of September 1, 1934, was the result of coercion, duress, fear, or mistake on Gardner's part. The circuit court received that proof, but then affirmed the judgment entered in the municipal court. The admission of that proof was improper in view of the fact that the statute, relating to such appeals to the circuit court, provides that,—

". . . Such appeals shall be heard on the original papers and the return of the municipal judge, containing a full transcript of the evidence and all rulings of the court in said actions. . . ." (Sec. 23, ch. 96, Laws of 1933.)

However, Gardner was not prejudiced by that error, and even if it had been proper for the circuit court to consider that proof, it did not entitle him to a finding that he entered into the contract as the result of coercion, duress, fear, or mistake, or otherwise than voluntarily and with a full understanding of its provisions.

On the other hand, the circuit court rightly concluded that there was no error in the rulings and record in the municipal court. The contract of September 1, 1934, was authorized by, and its provisions are in compliance with, sec. 166.07, Stats., in all respects. Its terms were in compliance with the statutory requirement that, "the agreement shall include a determination of all facts and orders set forth in section 166.11 to be included by the court in its order for judgment;" and that "by the terms of the agreement the defendant must submit personally to the jurisdiction of the court, and consent to entry of judgment in accordance with the terms of the agreement." Sec. 166.07, Stats. As Gardner unequivocally admitted his paternity of the child, in a provision in the contract, no exception was stated therein as was permissible under the statutory provision, "except that where the parties are unable to agree as to the paternity of the child, the alleged father may deny paternity in the agreement." When the signed contract was duly filed and approved by the municipal court on September 1, 1934, it constituted, under sec. 166.07,

Stats., more than a mere stipulation to obviate temporarily the necessity for other proof as to the essential facts which would otherwise have to be established by proof in respect to Gardner's paternity of the child, in the absence of such a contract with an admission as to that fact. Likewise, as all of the other facts stated in the contract constituted,—as the statute required,—"a determination of all facts," set forth in sec. 166.11, Stats., "to be included by the court in its order for judgment," they were no longer subject to refutation by Gardner, in the absence of the timely impeachment of the validity of the contract on the ground of duress, coercion, fraud, or mistake. Under the record made in the municipal court, including Gardner's admission as to his paternity of the child in that contract, its "determination of all facts" stated therein was conclusive and sufficient to warrant the entry of judgment thereon, on January 4, 1935, under the provision in sec. 166.07, Stats., that "upon motion of the district attorney, the judge of the court of record having power to enter final judgment in illegitimacy proceedings, being satisfied with the terms of the agreement, shall order judgment in accordance therewith if paternity of the child is admitted."

Although that provision does not state at what time that judgment is to be entered, the entry thereof on January 4, 1935, after Gardner had been in default several months, was clearly authorized by another provision in sec. 166.07, Stats., that "judgment shall not be rendered until there is a default of the payments agreed upon, when, upon motion of the district attorney, judgment shall be rendered and entered forthwith."

*By the Court.*—Judgment affirmed.