## Shriver Estate.

Argued April 9, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*J. J. Hook, Jr.*, with him *Scott & Hook* and *O. R. Hughes*, for appellant.

*W. Bertram Waychoff*, with him *Montgomery & Thompson*, for appellee.

OPINION BY BALDRIGE, P. J., July 19, 1946:

The sole question before us is stated by the appellant as follows: "Is an illegitimate son of an illegitimate son of a deceased male considered issue so as to bar the surviving wife of deceased from taking under Section 2[a] of the Act of June 7, 1917, P. L. 429 (20 PS §11)?" The court below erred in answering this question in the affirmative.

Jacob L. Shriver executed a last will and testament dated February 10, 1923, wherein he gave his then wife Dora Shriver the use and income of two farms during her life and devised in fee this real estate upon her death to Wilbert Lee Shriver, an illegitimate grandson, the appellee herein. Dora Shriver died in 1934 and the following year Jacob L. Shriver married Maude Thomas Shriver, the appellant. The testator died August 25, 1943. The second wife survived him, but there was no issue by either marriage. Wilbert Lee Shriver is the illegitimate son of Cephus Shriver, an illegitimate son of the testator. Wilbert as a member of the family made his home with Jacob L. Shriver until his marriage, when he moved to a nearby farm belonging to his paternal grandfather.

The claim of the widow against her husband's estate arises under section 21 of the Wills Act of 1917, June 7, P. L. 403, as amended by section 1 of the Act of 1921, May 20, P. L. 937, 20 PS §273, which provides: "When any person, male or female, shall make a last will and testament, and afterward shall marry, . . . and shall die

leaving a surviving spouse . . . every such person, so far as shall regard the surviving spouse . . . shall be deemed and construed to die intestate; and such surviving spouse . . . shall be entitled to such purparts, shares, and dividends of the estate, real and personal, of the deceased, as if such person had actually died without any will."

The widow petitioned the orphans' court for the appointment of appraisers to set aside, out of her deceased husband's estate, assets to the aggregate value of $5,000 as provided by section 2[a] of the Intestate Act of June 7, 1917, as amended by the Act of July 11, 1917, P. L. 755, §1, 20 PS §11. This section provides as follows: "Where such intestate shall leave a spouse surviving and other kindred, but no *issue,* the surviving spouse shall be entitled to the real or personal estate, or both, to the aggregate value of five thousand dollars, in addition, in the case of a widow, to the widow's exemption as allowed by law; and if such estate shall exceed in value the sum of five thousand dollars, the surviving spouse shall be entitled to the sum of five thousand dollars absolutely, to be chosen by him or her from real or personal estate, or both, and in addition thereto shall be entitled to one-half part of the remaining real and personal estate; Provided, That the provisions of this clause as to said five thousand dollars in value shall apply only to cases of actual intestacy of husband or wife, entire or partial, and not to cases where the surviving spouse shall elect to take against the will of the deceased spouse." (Italics supplied.)

The court below entered a rule, took testimony, and held that Wilbert Lee Shriver, although admittedly illegitimate, fell within the term "issue" as used in section 2[a] of the Act of 1917, supra, and hence that the widow of the testator could not claim the $5,000 allowance out of his estate. The widow appealed.

Can this illegitimate grandson be considered "issue" of his deceased grandfather, so as to bar the widow's

right? Under the common law an illegitimate child could not inherit through his father, because "he is the son of nobody. Being the son of nobody, he has no ancestor." *McGunnigle and McKee v. McKee,* 77 Pa. 81, 84.

Under our statute an illegitimate may inherit by, through, or from, the mother only. Section 14 of the Intestate Act of 1917, supra, 20 PS §91, subject to certain exceptions not applicable here, provides that the descent and distribution of real and personal estate among the heirs and next of kin of intestates, shall be confined to such persons only as may have been born in lawful wedlock.

We have not found any decisions of our appellate courts supporting the lower court's conclusion. To the contrary, the decisions of our courts, as well as those of sister states, have uniformly held that the words "child", "children", and "issue", when used in a statute, will, or deed, mean legitimate issue, and will not be extended by implication to embrace illegitimate children, unless such construction is necessary to carry into effect the manifest purpose of the legislature, testator, or grantor: *Kemper v. Fort,* 219 Pa. 85, 94, 67 A. 991; *Craig's Estate,* 273 Pa. 530, 537, 117 A. 221; *Hardesty v. Mitchell et al.,* Ill., 134 N. E. 745, 24 A. L. R. 565; Words & Phrases (Perm. Ed., 1940), Vol. 22, p. 754; Annotation, 24 A. L. R., 570, 599.

It is thus clear that appellee did not come within the meaning of the word "issue" as used in section 2[a] of the Intestate Act of 1917, supra. Testator's intention may have been thwarted in this case, but the general policy of the law in regard to illegitimates must prevail.

The order of the court below is reversed, and appellant's petition reinstated; costs to be paid by appellee.