STATE EX REL. ULLRICH, by Guardian *ad litem,* Respondent, vs. GIESE, Appellant.

*May 4—June 6, 1950.*

244

For the appellant there was a brief by *Schneider & Boyle* of Fond du Lac, and oral argument by *John Schneider*.

For the respondent there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, and *Jerold E. Murphy,* district attorney of Fond du Lac county, and oral argument by *Mr. Murphy* and *Mr. Platz*.

FAIRCHILD, J.   The sexual relation indulged in by the appellant and complainant brought him into a situation carrying some well-known liabilities and responsibilities.  The statute provides for a dismissal of the illegitimacy proceedings upon the making of the contract referred to.  In the defendant's brief it is urged that plaintiff had had intercourse with others during the probable period of conception, but that this was unknown to him when he signed the contract, and that he did not know the effect of it as a defense in the proceeding.  Because of this he asks that his agreement to support the child be set aside and that he be enabled to have a trial upon the merits.

Without spending any time upon the unusual features of these proceedings, we are concerned primarily with the consideration of whether there exists any occasion for disturbing the rulings made below.  Appellant is seeking nothing less than a rescission of a contract which he entered into under the provisions of a Wisconsin statute.  (Sec. 166.07.)  Under that statute the agreement is to consider and include a determination of all facts which would be included by a court in its order for judgment in illegitimacy proceedings, except that where the parties are unable to agree as to the paternity of the child.  Then the alleged father may deny paternity in the agreement, but he is to be bound by the terms of his agreement.  This provision for denial of paternity prevents such

child from being considered as the heir of the alleged father. (Sec. 237.06.)

The question of paternity being in dispute, the defendant was permitted to use the compromise provided by secs. 166.07 and 237.06, Stats. There is no claim, and it is not contended that the above facts accompanying the making of the contract "constitute duress nor excusable mistake within any civil-law definitions of those terms; it is contended that the trial court should have considered these facts as elements involved in a determination of whether defendant should be granted a trial upon the merits." (Quoted from defendant's brief.)

The court entered the only judgment that is provided for when this sort of a contract has been entered into and default has occurred in complying with its terms. From the record submitted it quite plainly appears that this case does not present the question whether a new trial should be granted in the interests of justice, as contended by the defendant. We do not consider here the question which may or may not arise because of lack of jurisdiction of the municipal court in the matter of determining an action to rescind a contract further than to say that it appears that the case does not present the ground for such an action. The defendant has entered into a contract advisedly, reserving to himself a benefit which the statute permits. The agreement is a contract and subject to the law of contracts. *Gardner v. State* (1937), 224 Wis. 549, 272 N. W. 478.

The claim that the defendant did not fully protect himself because of the complaining witness insisting he was the father of the child while he was in ignorance of what he now claims to be her alleged relations with others is not sustained by the testimony. When he entered into the contract, he evidently was advised of circumstances which might warrant his denial of paternity, but some consideration of his relation to the circumstances prompted him to compromise and have the benefit of the agreement without acknowledging paternity.

Whatever the reasons, philosophical or otherwise, which prompted the formation of the statute, this much is certain: It was expected that situations such as this would arise, and that the welfare of a child and the interests of the state would thus be given some consideration. In reading the testimony, one cannot help but be somewhat impressed with the defendant's attitude, when asked as to his ability to make prompt payments, in assuring the court, in the very proceedings where the agreement was to be approved and the case against him dismissed, that in case of default in the matter of making payment, his brother would help him. There is no showing of mistake, no claim of fraud or duress. The defendant entered into the illegitimacy agreement, denying paternity for reasons appealing to him and because in the uncertainty he considered it the wiser course. Under the circumstances, there is much to indicate that he assumed there was, as the trial court put it, "an outside possibility" that he was not the father. Because the record is lacking in proof that could by any means be held to be clear, satisfactory, and convincing that the defendant was taken advantage of, it is considered that rulings below were proper.

*By the Court.*—Judgment affirmed.