## MAYERS et al. v. EWING, Federal Security Adm'r.

### Civ. No. 10742.

United States District Court
E. D. Pensylvania.

Jan. 31, 1952.

J. William Ditter, Jr., Ambler, Pa., for plaintiffs.

Gerald A. Gleeson, U. S. Atty., Thomas J. Curtin, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

FOLLMER, District Judge.

This is an action brought under Section 205 of the Social Security Act, 42 U.S.C. A. § 405, to review the action of the Social Security Board.

The claimants are the illegitimate minor children of Aloysius V. Mayers, deceased, a wage earner who died on November 28, 1948, domiciled in Pennsylvania, a fully insured individual under the Social Security Act, and live with their mother, Sadie E. Mayers, who brings this action as their Guardian ad litem. Sadie E. Mayers, formerly known as Sadie E. Sterner Street, in 1919 married one Frank Street, who deserted her in January, 1925. This marriage was never dissolved and Frank Street was still living at the time of the death of Aloysius V. Mayers.

Late in 1925 or early in 1926, Sadie E. Sterner Street went to live with Aloysius V. Mayers, became known as his wife, assumed his name, lived continuously with him in the relationship of husband and wife until his death in 1948, and bore him three children, the two claimants and another son, Aloysius V. Mayers, Jr., who is more than twenty-one years of age.

At the time Sadie and Aloysius began living together both knew she was not free to marry, she having told him of her prior marriage to Street and that she had not been divorced from him. During their twenty some years of cohabitation Sadie and Aloysius were recognized by their friends and acquaintances as the mother and father, respectively, of all the children. At all times Aloysius recognized the claimants as his children, supporting them and aiding in their rearing and training.

The claim for "child's insurance benefits" was disallowed by the Bureau of Old Age and Survivors Insurance of the Social Security Administration, Federal Security Agency. After hearing, a Referee of the Appeals Council of the Social Security Administration found that the claimants were not entitled to "child's insurance benefits."

202

Subsequently, the Appeals Council of the Social Security Administration denied a request for a review of the Referee's decision. Hence, this action for judicial review.

The sole issue for determination here might be stated as follows:—Are the illegitimate children (unmarried and under the age of 18) of a male wage earner who died domiciled in Pennsylvania, eligible for "child's insurance benefits" under the Social Security Act, where the deceased wage earner at all times had recognized them as his own and supported them, and they and their mother had lived with him as part of his family?

Section 202(c) of the Social Security Act, as amended in 1939, 42 U.S.C.A. § 402(c) [1], which provides for "child's insurance benefits", reads as follows:

"(1) Every child (as defined in section 209(k) ) of an individual entitled to primary insurance benefits, or of an individual who died a fully or currently insured individual (as defined in section 209(g) and (h) ) after December 31, 1939, if such child (A) has filed application for child's insurance benefits, (B) at the time such application was filed was unmarried and had not attained the age of 18, and (C) was dependent upon such individual at the time such application was filed, or, if such individual has died, was dependent upon such individual at the time of such individual's death, shall be entitled to receive a child's insurance benefit * * *.

"(3) A child shall be deemed dependent upon a father or adopting father, or to have been dependent upon such individual at the time of the death of such individual, unless, at the time of such death, or, if such individual was living, at the time such child's application for child's insurance benefits was filed, such individual was not living with or contributing to the support of such child and—

"(A) such child is neither the legitimate nor adopted child of such individual, or

"(B) such child had been adopted by some other individual, or

"(C) such child, at the time of such individual's death, was living with and supported by such child's stepfather."

Section 209(k) of the Act, as amended in 1946, 60 Stat. 988, 42 U.S.C. 1946 Ed., § 409(k) [2], reads as follows: "(k) The term 'child' means (1) the child of an individual, and (2) in the case of a living individual, a stepchild or adopted child who has been such stepchild or adopted child for thirty-six months immediately preceding the month in which application for child's benefits is filed, and (3) in the case of a deceased individual, a stepchild or adopted child who was such stepchild or adopted child for twelve months immediately preceding the month in which such individual died."

Section 209(m) of the Act, as amended in 1939, 42 U.S.C.A. § 409(m),[3] reads as follows: "(m) In determining whether an applicant is the wife, widow, child, or parent of a fully insured or currently insured individual for purposes of this title, the Board shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant files application, or, if such insured individual is dead, by the courts of the State in which he was domiciled at the time of his death, or if such insured individual is or was not so domiciled in any State, by the courts of the District of Columbia. Applicants who according to such law would have the same status relative to taking intestate personal property as a wife, widow, child, or parent shall be deemed such."

Section 7 of the Pennsylvania Intestate Act of 1947, P.L. 80, 20 Purdon's Penna. Statutes Annotated, § 1.7, reads as follows:

"§ 1.7 Illegitimates

"(a) Child of mother. For purposes of descent by, from and through an illegiti-

1. 42 U.S.C.A. § 402(d) after August 28, 1950, amendment.

2. 42 U.S.C.A. § 416(e) after August 28, 1950, amendment.

3. 42 U.S.C.A. § 416(h)(1) after August 28, 1950, amendment.

mate, he shall be considered the child of his mother but not of his father."[4]

In Sherman v. Federal Security Agency, Social Security Board, 3 Cir., 166 F.2d 451, 453, claimant had obtained a Mexican divorce during the period she and her husband were permanent residents of New York. She was thereafter married to deceased employee and moved with him to New Jersey. Following his death she made claim as his widow for widow's current insurance benefits under Section 202(e)(1) of the Social Security Act. The Court held she was not entitled to a widow's current insurance benefit, since, under the law of New Jersey, the invalidity of the Mexican divorce decree rendered her subsequent marriage to employee void. The Court said, inter alia, "It will be seen from the subsection of the Social Security Act last quoted (Section 209(m), supra) that the Board was required to determine the question whether the plaintiff was the widow of the wage earner, Sherman, by referring to the law of New Jersey which would be applicable to the devolution of Sherman's intestate personal property. In other words, the correctness of the Board's decision must turn upon whether under the law of New Jersey the plaintiff would be recognized as the widow of Sherman for the purpose of taking as his widow personal property from his estate."

■ Plaintiff leans heavily on Section 202(c)(3), and argues that thereunder any child of a worker shall be deemed to have been dependent upon the worker unless the child was not living with the worker and was not legitimate, that unless both of these circumstances exist, the child is entitled to benefits under the Act. There is no question but that these plaintiff-infants were dependent upon the wage earner at

the time of his death, but that is not the sole test. The claimants here must first qualify as children according to the formula established by Section 209(m). In line therewith, paraphrasing the words of the Court in the Sherman case, the question as to whether the plaintiff-infants were the children of the wage earner, must be determined by referring to the law of Pennsylvania, which would be applicable to the devolution of Mayers' intestate personal property, and by that test they fail to qualify.

■ Just a word concerning Ray v. Social Security Board, D.C.S.D.Ala., 73 F. Supp. 58, which plaintiff feels should be controlling in this case. Under the facts in that case, applying the law of Alabama, the Court concluded that Mrs. Ray was the legal widow of the wage earner and, therefore, that their children were legitimate. Under the facts of the instant case, there was at no time any effort made by Sadie and Aloysius to legitimatize their union, and furthermore, there was no base on which to establish a common law marriage relationship under the law of Pennsylvania, for the simple reason that Sadie was never divorced from Street, to whom she had been legally married and who lived to survive Aloysius.[5]

We recognize the broad humanitarian concept of this Act, and are not unmindful of the terrific handicap, both social and economic, which through no fault of their own is saddled on those unfortunately deprived of the solid base of legitimacy. However, this is an age old problem, and certainly not one on which the Courts should attempt to legislate.

Judgment will be entered for the defendant.

4. See In re Shriver's Estate, 1946, 159 Pa.Super. 314, 317, 48 A.2d 52, interpreting the similar provision of the prior Pennsylvania Intestate Act of 1917, § 14, 20 Purdon's Penna. Statutes Annotated, Ch. 1, App. § 91. See also § 15(a) of the act, 20 Purdon's Penna. Statutes Annotated, Ch. 1, App. § 92.

5. Pierce v. Pierce, Appellant, 1946, 355 Pa. 175, 49 A.2d 346; Morton v. United States, D.C.W.D.Pa., 92 F.Supp. 75.