Mildred H. WIECZORECK et al.,
Plaintiffs,

v.

Marion B. FOLSOM, Secretary of Health,
Education and Welfare, Defendant.

No. C–1052–55.

United States District Court
D. New Jersey.

June 25, 1956.

Samuel M. Cole, Jersey City, N. J., for plaintiffs.

Hamilton F. Kean, Asst. U. S. Atty., Newark, N. J., for defendant.

SMITH, District Judge.

This is a civil action under section 205 (g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g). The plaintiffs seek a review of the denial by the Secretary of Health, Education and Welfare of their rights to the social security benefits under the Act. The matter is before the Court at this time on a motion for summary judgment filed by the defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., and a certified transcript of the record made in the original proceedings. There is no dispute as to the ultimate facts.

## Facts

The decedent, Alexander J. Wieczoreck, a fully insured individual under the Act, was at the time of his death, and had been since 1907, married to Bertha Dunbier Wieczoreck, who is still living. They separated in 1926, but the marriage was not dissolved; however, it appears that a divorce proceeding was pending at the time of the decedent's death. Thereafter, in 1937, the decedent and Mildred Ray "Wieczoreck," one of the plaintiffs, commenced living together as husband and wife. She assumed the decedent's name and lived continuously with him in the relationship of husband and wife until his death in 1954. There were three children born of this relationship: Dolores, John and William, plaintiffs in this action.

The plaintiffs filed with the Department of Health, Education and Welfare, Social Security Administration, an Application for Survivors Insurance Benefits in which they claimed a right to social security benefits as the "widow" and children, respectively, of the decedent. The application was denied by the Referee after hearing. Thereafter the claimants filed a Request for Review of Referee's Decision. This request was denied and the present action followed.

## Law

■ It is conceded that at the time of the decedent's death he was domiciled in New Jersey and, therefore, under the pertinent provisions of the Act, the law of New Jersey is determinative of the status and eligibility of the plaintiffs. Section 216(h) of the Act, 42 U.S.C.A. § 416(h) contains the following provision: "In determining whether an applicant is the wife, * * * widow, * * * child, or parent of a fully insured * * individual for purposes of this subchapter, the Administrator shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant files application, or, if such insured individual is dead, by the courts of the State in which he was domiciled at the time of his death, * *. Applicants who according to such law would have the same status relative to taking intestate personal property as a wife, * * * widow, * * * child, or parent shall be deemed such."

### Eligibility of Mildred Dunbier Wieczoreck as the "Widow" of the Deceased

■ Section 216(c) of the Act, 42 U.S.C.A. § 416(c), defines "widow" as follows: "The term 'widow' * * * means the surviving wife of an individual, but only if she * * * (4) was married to him for a period of not less than one year immediately prior to the day on which he died." This claimant does not meet this qualification and is therefore not eligible for the benefits available under the Act. Sherman v. Federal Security Agency, 3 Cir., 166 F.2d 451; Magner v. Hobby, 2 Cir., 215 F.2d 190; Mayers v. Ewing, D.C., 102 F.Supp. 201. It is equally clear that under the law of New Jersey the claimant would not be recognized as the widow of the decedent for the purpose of taking as his widow the personal property of his estate. Sherman v. Federal Security Agency, supra.

### Eligibility of Children Born of the Relationship

■ The claimants, Dolores, John and William Wieczoreck, were illegitimate children born of the relationship between the decedent and the said Mildred. They were nullius filius under the law of New Jersey and were therefore ineligible to inherit any part of the personal estate of the decedent. N.J.S.A. 3A:4–1 and 3A:4–7. It follows that under the pertinent provisions of Section 216(h) of the Act, supra, they were not eligible for the social security benefits available under the Act.

### Conclusion

The conclusion of the Department of Health, Education and Welfare is supported by substantial evidence and is therefore conclusive. The action of the said Department is affirmed and the present complaint is dismissed.