Estate of Traver: Hall and others, Appellants, v. Sommers and another, Respondents.

*November 28, 1962—January 8, 1963.*

For the appellants there was a brief and oral argument by *James W. Karch* of Baraboo.

For the respondents there was a brief by *William M. Hayes* of Baraboo, and *John T. Harrington* of Madison, and oral argument by *Mr. Harrington*.

GORDON, J. The problem before the court is whether Charles Sommers, who claims to be the illegitimate progeny of the deceased, James Traver, may qualify as the latter's heir under the provisions of sec. 237.06, Stats.

At common law an illegitimate child had no right of inheritance from his father. *Ballentine v. De Sylva* (9th Cir. 1955), 226 Fed. (2d) 623, 632, affirmed, 351 U. S. 570, 76 Sup. Ct. 974, 100 L. Ed. 1415. An illegitimate child was thought to be "the son of nobody. Being the son of nobody, he has no ancestor." *Estate of Shriver* (1946), 159 Pa. Super. 314, 317, 48 Atl. (2d) 52.

Many states found this rule too severe. As was said in *Reilly v. Shapiro* (1936), 196 Minn. 376, 379, 265 N. W. 284:

"Nor can it be denied that a child born out of wedlock is as much in need of parental aid and the natural rights that go with the relationship of parent and child as those per-

taining to a child born in wedlock. Every human instinct is moved toward extending a helping hand to such child, already laboring under a handicap impossible of removal. That is why the old and harsh rules of the common law have been modified and in many instances removed by statutory enactments."

For a list of the states that have altered the common-law rule by statute see 83 A. L. R. 1330, 1335.

As early as 1849 Wisconsin changed the common-law rule by providing that an illegitimate child could inherit from his intestate father if the father had acknowledged the paternity of the child by a writing signed by him in the presence of a competent witness (ch. 63, sec. 2, R. S. 1849). In 1915 there was added another way in which an illegitimate could inherit from his father: If the father made an admission of paternity in open court (ch. 258, Laws of 1915). In all respects material to this case the statute has remained unchanged up to the present time.

As presently framed, the statute sets out three circumstances under which an illegitimate may qualify so as to inherit from his father: (1) If there has been a writing acknowledging paternity signed in the presence of a competent witness, (2) if there is a paternity judgment under secs. 52.21 to 52.45, Stats., and (3) if there has been an admission of paternity in open court. The appellants and the respondents concede that the third-mentioned provision is the only one before the court in the case at bar.

An illegitimate cannot qualify under the statutory provision regarding an admission in open court unless such admission is reasonably clear and certain. In *Richmond v. Taylor* (1913), 151 Wis. 633, 139 N. W. 435, this court was concerned with that portion of sec. 237.06, Stats., which related to a written acknowledgment of paternity. The court there said, at page 643:

"It is sufficient if it appear with reasonable clearness and certainty from the written words that the paternity of the child is acknowledged."

Mr. Traver pleaded guilty to a charge which asserted that he had refused "to provide for the support and maintenance of his illegitimate minor child." In our opinion, the plea of guilty is equivocal. It could mean that Mr. Traver was admitting the charge of nonsupport, or it could mean that he was admitting that he was the father of this illegitimate child. Since the plea is ambiguous and made without the benefit of counsel, it cannot stand as a reasonably clear and certain acknowledgment of his paternity of Charles Sommers.

It is also noted that there is no necessity for a plea before a magistrate whose purpose is to determine whether an offense has been committed and whether there is probable cause to believe that the accused person should be placed on trial therefor. *State ex rel. Durner v. Huegin* (1901), 110 Wis. 189, 239, 85 N. W. 1046.

The lack of clarity which surrounded the charge and the plea is further supported by the fact that three days after the appearance in justice court the district attorney moved to dismiss the case because the paternity of the child in question had not yet been determined. The district attorney's motion was granted and the defendant discharged.

Neither the fact that Traver had previously denied paternity nor the fact that he had told personal friends that this was not his child would be controlling if there had been proper compliance with one of the statutory standards. Thus, it is possible that an illegitimate child could inherit from a father who in one courtroom had denied paternity but in another had admitted paternity. *State ex rel. Ullrich v. Giese* (1950), 257 Wis. 242, 245, 43 N. W. (2d) 18, is

not to be interpreted as automatically barring heirship because the alleged father has denied paternity. If at some other time the father makes a clear and unequivocal admission of paternity in open court, this may support a finding in favor of the illegitimate's being an heir.

In view of the fact that there has not been a clear and unequivocal compliance with sec. 237.06, Stats., Charles Sommers may not inherit from James Traver. The finding by the learned trial court that the guilty plea under these circumstances was a sufficient admission is against the great weight and clear preponderance of the evidence. In view of this conclusion, we find it unnecessary to resolve the question whether a plea before the justice of the peace sitting as a magistrate constitutes an admission "in open court." See *State v. Friedl* (1951), 259 Wis. 110, 47 N. W. (2d) 306.

*By the Court.*—Judgment reversed.