**Wheeler Estate**

146

*Sherman H. Siegel,* for accountants.

*James C. Bane,* for petitioner.

*Gilmore H. Schmidt* and *James C. McCreight,* for residuary legatees.

MARINO, P. J., May 23, 1963.—Novella Henderson presented her petition for the Family Exemption in the estate of Samuel A. Wheeler, deceased. The facts are not in dispute. The decedent, during the last two years of his life, was domiciled in the home of petitioner. She attended to his needs and nursed him until the time of his death on August 12, 1961. Undoubtedly she was a member of the same household as decedent. But she was not a child of the decedent; she was a stepdaughter. That fact raises the only issue before the court in this proceeding. Are stepchildren included in the classification of those who may be entitled to the family exemption under provisions of the applicable section of the Fiduciaries Act of April 18, 1949, P. L. 512, as amended?

We make reference to section 211 of the Fiduciaries Act, 20 PS §320.211, as amended, which now provides: "The spouse of any decedent dying domiciled in the Commonwealth, and if there be no spouse, or if he has forfeited his rights, then such children as are members of the same household as the decedent, may retain or claim as an exemption, either real or personal property, or both, not theretofore sold by the personal representative, to the value of one thousand dollars . . ."

Section 211 of the Fiduciaries Act of 1949 is based on section 12 (a) of the Act of June 7, 1917, P. L. 447, and differs from it only in a few particulars. The right of exemption was extended to a surviving husband, and the children must form a part of decedent's "household" rather than "family". The 1917 act was a codification or general revision of the then existing law,

and its provisions as to exemption differed little from section 5 of the Act of April 14, 1851, P. L. 613. Hence, the decisions and authorities construing the earlier statutes should be considered persuasive in the interpretation of the section of the present act now under consideration.

Petitioner's counsel states that he has made an exhaustive search of our state authorities as well as those of other states, and that he has been unable to find any reported case wherein the matter of stepchildren has been examined or considered in connection with the term "children's exemption". This court has been similarly unsuccessful, as far as Pennsylvania precedent is concerned. The case is undoubtedly one of first impression in the Commonwealth.

The question was recently raised in this court, but left undecided, in the case of Griffith Estate, 41 Wash. 98, 11 Fiduc. Rep. 182, where the stepdaughter did not qualify *as a member of decedent's household.* We there said: "Whether a stepchild would qualify we are not constrained to decide, as it is admitted that petitioner *was not a member of the same household* as the decedent, and both requirements must concur." In the literally hundreds of cases examined by counsel and the court, this is the sole reference made to the possibility that stepchildren might possibly be considered as within the purview of the statute.

The report of the Joint State Government Commission is completely silent on the interpretation of the term "children" as used in this section of the act. Accountant urges that this is an indication that the term must receive a strict construction, especially when there is available no prior court construction of the term over a period of more than a century. But we believe the mere fact that the question has never been raised, to our knowledge, is no indication, ipso facto, of the weakness of the basic idea or substance of the

petitioner's position. There is all the more reason for a thorough consideration of these contentions when no precedent is available.

Petitioner contends that there is some analogy between the use and meaning of the word "children" as used in the exemption statute and the definition of same as used in the Inheritance and Estate Tax Act of 1961, 72 PS §2485-102(3), (13), which latter reads:

(3) "Children includes adopted children, stepchildren, illegitimate children of the mother . . .

(13) 'Lineal descendants' includes children and their descendants, adopted descendants, and their descendants, stepchildren, . . ."

It is contended that these statutes are in *pari materia*. The Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 62, 46 PS §562, provides: "Laws or parts of laws are in pari materia when they relate to the same persons or things or to the same class of persons or things.

"Laws in pari materia shall be construed together, if possible, as one law."

It is well recognized that statutes in pari materia should be considered concurrently whenever possible, and if they can be made to stand together, effect should be given to both as far as possible: Kelly v. City of Philadelphia, 382 Pa. 459, 477; First National Bank of Millville v. Horwatt, 192 Pa. Superior Ct. 581, 586; Nyce v. Commissioners, 319 Pa. 353, 358, 359.

However, the rule that statutes which are in pari materia should be read together is applicable only if the words of a statute are ambiguous: McFarland Estate 377 Pa. 290, 296. In 82 C. J. S., Statutes, § 366b, it is stated: ". . . It must not be overlooked that the rule requiring statutes in pari materia to be construed together is only a rule of construction to be

applied as an aid in determining the meaning of a doubtful statute, and that it cannot be invoked where the language of a statute is clear and unambiguous."

It is urged that the term "children", as used in the exemption statute, is ambiguous, since in common parlance it is used to designate adopted children, foster children, stepchildren, illegitimate children, children to whom the parent stood in loco parentis, etc. The fact that legislature saw fit to particularly define the word "children" in various other statutes is heavily relied upon as a noteworthy circumstance pointing to ambiguity. In addition to the Inheritance and Estate Tax Act of 1961, hereinabove referred to, there is a Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §562, which states ". . .the term 'child' and 'children' shall include stepchildren, adopted children and children to whom he, the parent, stood in loco parentis, . . .".

On a national scale, Congress enacted the Social Security Act and made somewhat similar disposition of the problem of defining children to include adopted children, and stepchildren as well, if they were such for twelve months immediately preceding the month in which the individual died: 42 U. S. C. A. §416(e), after August 28, 1950, amendment.

We can deduce no proper analogy between treatment of the term "child or children" as defined and used in various other statutes, such as those adverted to, unless such statutes can be found to be in pari materia with the Fiduciaries Act or the section of such act dealing with the Family Exemption. However, the subject matter of the Inheritance and Estate Tax Act of 1961 is purely and exclusively that of taxation as related to inheritances and transfers of property in contemplation of death. It is further pointed out that section 613 of the act deals with "Family Exemption".

But it is to be noted that this section is a part of Article VI, entitled "Deductions", and said section 613 simply provides: "Family Exemption—The family exemption shall be deductible." There is no attempt to redefine what constitutes the family exemption, who is entitled thereto, or any explanation of its terms. It is merely a provision permitting the deduction of the amount as awarded from the gross estate in order to arrive at the net taxable estate, regardless of whom the allowance might be payable to.

We find no similarity in subject matter between the two acts; the subjects treated are separate and distinct; they are not in pari materia.

Likewise, the subject treatment of the Workmen's Compensation Act is exclusively payment or award of funds for injury or death of workingmen in the Commonwealth, and could not be considered in pari materia. Of course, Federal legislation is beyond the pale of our consideration.

It would seem that the only proper analogy is that contained in the Intestate Act of 1947, although most certainly the statutes cannot be considered in pari materia. Under the Intestate Act a foster child does not inherit, nor does an illegitimate child from its father; *neither does a stepchild* or a child to whom the father stood in loco parentis. The reason, of course, is to be found in the circumstance that they are not *blood relatives;* they are not of kin. A stepchild is not of kin to his stepfather, and does not take from him under the intestate law: Sharah's Estate, 68 Pitts. 757. Illegitimates are similarly treated. Even where a father has acknowledged the child is his, unless it is followed by a subsequent marriage of the natural mother, or adoption, the child will not inherit from its father: Mann's Estate, 24 Lehigh 261. Nor will such illegitimates be entitled to Social Security benefits: Mayers v. Ewing, 102 F. Supp. 201.

As early as 1879, Johnson's Appeal, 88 Pa. 346, it was held that an adopted child would inherit as a child and heir of the adopting parents under the Act of May 4, 1855, P. L. 430. This appears to be the earliest case sanctioning such inheritance by an adopted child. See also Estate of W. Elwood Rowan, 132 Pa. 299.

It is of course true that the Intestate Act has no application in determining the validity of the claim of a spouse or children to the statutory exemption under the Fiduciaries Act of 1949. The different rights are based on separate statutes: Arnout's Est., 283 Pa. 49, 53. A spouse may be entitled to participate in the distribution of the deceased's estate under the intestate law, although the spouse has forfeited his or her right to the exemption. The family exemption is not an estate by inheritance, but an independent bounty, a pure gratuity. The family relation must have continued to the date of death, unless separation was due to the misconduct of the decedent: Hildebrand's Estate, 262 Pa. 112.

Other than children born in lawful wedlock, no others save regularly adopted children will inherit: Intestate Act of April 24, 1947, P. L. 80, sec. 8, 20 PS §1.8. The adoption statute, Act of April 4, 1925, P. L. 127, sec. 4, 1 PS §4, as amended, provides that upon decree of adoption, the adoptee ". . . shall have all the rights of a child and heir of such adopting parent or parents . . ."

As pointed out by Judge Chambers in Bryan's Estate, 22 D. & C. 713 (1935), which appears to be the first case on the subject of the right of adopted children to the exemption in Pennsylvania, the adoption act does not limit the rights of the adopted child to *inherit alone*, but states that such child shall have *all the rights* of a child and heir. Hence, the court decided that an adopted child was entitled to the $500 widow's and children's exemption under the Fiduci-

aries Act of 1917. The court said: "It appears to us that it would be foolish to say that, under this language, a child could inherit property from its adoptive parents but would be barred from claiming an exemption in the same estate. Surely its rights in one respect would be just as great as in the other."

Those in opposition to the allowance of the exemption in said case contended that since the exemption did not pass by will or under the intestate laws, it would not come within the general rule and in order to be effective to adopted children, it would be necessary to explicitly name such in the exemption act. The court could not agree to this. It said: "We are not of this opinion. It will be noted that the exemption act does not restrict its application to natural children; in fact it does not expressly say his children, but says the "children forming a part of his family". Now, under Act of 1949, as amended, by Act of 1956, it provides "such children as are members of the same household as the decedent".

The accepted definition of one in loco parentis is: one who means to put himself in the situation of a lawful father to the child with reference to the office and duty of making provision for the child. See Robinson's Estate, 35 Pa. Superior Ct. 192, 195; 31 C. J. 358, note 77a. Even a brother may stand in loco parentis to his brothers and sisters: Boyle v. Dealer's Transport Co. 184 Pa. Superior Ct. 38, 40.

All such are 'children' within purview of the Workmen's Compensation Act, because the act specifically defines the term children to include them. But could we, for example, possibly permit brothers and sisters to deplete the assets in a decedent's estate by claiming the family exemption specifically reserved for spouse and children? To do so by judicial decision would be tantamount to rewriting the act.

We are fully cognizant, and the law is now well settled, that exemption statutes have been enacted in a spirit favorable to decedents spouse and children, and should be interpreted in the benign spirit in which they were conceived. Further, that they have been considered rather according to their spirit than to the letter of the law: Katz's Estate, 49 D. & C. 215; Nevins' Appeal, 47 Pa. 230. However, for the courts to completely disregard all precedent and interpret the law according to the whim of the moment is neither justifiable nor proper. We cannot open the floodgates to all manner of claims. From legitimate children to stepchildren, to foster children, to illegitimate children, to children in loco parentis,—all are but easy extensions in hardship cases. But there is no warrant in the law for any such procedure. The matter of extending the exemption to any of them is purely one of legislative policy. We cannot usurp the legislative function.

As already stated, an exhaustive search by counsel and this court has revealed no case, either appellate or in the lower courts, where the term children has been interpreted to include any but legitimate children of the decedent, or adoptive children. We will not open the door to include any others. The petition of Novella Henderson for the family exemption is dismissed and refused.