**Georgia E. PIERCE, Plaintiff,**

v.

**SECRETARY OF the UNITED STATES DEPARTMENT OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**Civ. No. 10–61.**

United States District Court
D. Maine, S. D.

June 20, 1969.

Richard L. Clawson, Rockland, Me., for plaintiff.

Lloyd P. LaFountain, U. S. Atty., Edward G. Hudon, Asst. U. S. Atty., Portland, Me., for defendant.

## MEMORANDUM OF OPINION AND ORDER OF THE COURT

GIGNOUX, District Judge.

This is an action under Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 401 et seq. (1964), for review of a "final decision" of the Secretary of Health, Education and Welfare affirming the denial by a Social Security Administration hearing examiner of plaintiff's application for widow's insurance benefits under Section 202(e) of the Act. In accordance with the statute, the Secretary has filed as part of his answer a certified copy of the transcript of the administrative record including the evidence on which the findings and decision complained of are based. Both parties have moved for summary judgment and have filed briefs in support of their motions.

The record discloses that plaintiff married the deceased wage-earner, William S. Pierce, in Boothbay Harbor, Maine on November 26, 1908. They were legally divorced in Wiscasset, Maine on May 3, 1926, and the deceased wage-earner left the State. Shortly thereafter, the deceased wage-earner returned to Maine, and they resumed living together, at all times as residents of the State of Maine, until his death on May 11, 1961.

Section 202(e) (1) of the Social Security Act provides in pertinent part that: "The widow (as defined in section 216(c) of this title) * * * of an individual who died a fully insured individual * * * shall be entitled to a widow's insurance benefit * * *." Section 216(h) (1) (A) of the Act provides, in pertinent part:

"An applicant is the * * * widow * * * of a fully * * * insured individual for purposes of this subchapter if the courts of the State in which such insured individual * * * was domiciled at the time of death * * * would find that such applicant and such insured individual were validly married at the time [such insured individual] died."

The hearing examiner's denial was based on his conclusion that although plaintiff was the common law wife of the deceased, common law marriages are not recognized in the State of Maine, and counsel for both parties have agreed that the sole issue presented in the present action, which will be determinative of the cause, is the correctness of this determination. Counsel have further agreed that the Maine court has not previously ruled upon the validity of common law marriages in this State and that the matter be resolved by certifying this question of Maine law to the Supreme Judicial Court of the State of Maine, pursuant to the Maine Certification Statute, 4 M.R.S.A. § 57 (1964) as amended, (Supp. 1968–1969) and Rule 76B of the Maine Rules of Civil Procedure.*

---

* The Maine Certification Statute provides:

　　* * *

When it shall appear to the Supreme Court of the United States, or to any court of appeals or district court of the United States, that there are involved in any proceeding before it one or more questions of law of this State, which may be determinative of the cause, and there are no clear controlling precedents in the decisions of the Supreme Judicial Court, such federal court may certify any such questions of law of this State to the Supreme Judicial Court for instructions concerning such questions of state law, which certificate the Supreme Judicial Court sitting as a law court may, by written opinion, anwer.

Rule 76B implements the statute. For a commentary on the statute, see Field & McKusick, Maine Civil Practice § 76B.1 (Supp.1967).

In accordance with the agreement of the parties, on October 18, 1968, this Court certified the following question of law to the Supreme Judicial Court of the State of Maine:

"Is a common law marriage valid under the laws of the State of Maine"?

On June 3, 1969, the Maine court, by written opinion, answered the question certified in the negative. Pierce v. Secretary of the United States Dept. of Health, Education and Welfare, 254 A. 2d 46 (Me.1969).

Accordingly, the defendant's motion for summary judgment is granted; the plaintiff's motion for summary judgment is denied; and judgment will be entered affirming the decision of the Secretary and dismissing the complaint.

It is so ordered.