**Martha GARNER et al., Plaintiffs,**

v.

**Elliott L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**No. C–70–2644.**

United States District Court,
N. D. California.

Nov. 1, 1971.

Sherman & Warner, Ralph E. Warner, James M. Klein, Berkeley, Cal., for plaintiffs.

James M. Browning, Jr., U. S. Atty., Brian B. Denton, Asst. U. S. Atty., San Francisco, Cal., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ZIRPOLI, District Judge.

This is a suit against the Secretary of Health, Education and Welfare under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision by the Secretary denying plaintiffs' application for payment of children's insurance benefits under sections 202(d) and 216(e) of the Act, 42 U.S.C. §§ 402(d), 416(e). The action is brought by Helen Ketchum on behalf of her five minor children.

The jurisdiction of this court to review the Secretary's decision is not in issue. After applicants have exhausted their administrative remedies and complied with the statutory formalities prerequisite to bringing suit, as plaintiffs have here, section 205(g) of the Act, 42 U.S.C. § 405(g), authorizes judicial review with the proviso that the findings of the Secretary are conclusive if supported by substantial evidence.

Plaintiffs, illegitimate children of the deceased wage earner, concede that the Secretary's decision, which is supported by substantial evidence, is in conformity with the applicable statutes. The sole question before this court is the constitutionality of section 203(a) (3) of the Act, 42 U.S.C. § 403(a) (3), which provides that whenever there are so many qualified survivors that the total of the monthly claims upon the deceased's account exceeds the amount of the maximum monthly family grant, the benefits of each claimant shall be reduced proportionately only after *first* proportionately reducing part, or all, of any amounts payable to illegitimate children who qualify for benefits solely under section 216 (h) (3), 42 U.S.C. § 416(h) (3). In this case, the claims of the deceased's widow and legitimate children alone exceeded the maximum monthly family grant. Accordingly, the benefits of the deceased's illegitimate children, who admittedly qualified only under section 216 (h) (3), were reduced to zero, and the deceased's widow and six legitimate children shared equally in the limited fund.

The statutory scheme regulating children's survivor benefits has evolved piecemeal from amendments to the Social Security Act of 1939. In its present form, the Act has several separate provisions pertaining to qualification for survivor benefits by children. Section 216(h) (2) (A), which was part of the original 1939 title establishing survivor

benefits under the social security law, provides that in determining whether an applicant is a child of the insured individual, "the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State * * * in which [such insured individual] was domiciled at the time of his death." In 1960, Public Law 86–778, § 208(b), 74 Stat. 924 added the present section 216 (h) (2) (B), which provides that if an applicant is not a child under section 216(h) (2) (A), he shall be deemed a child of the insured individual "if such insured individual and the mother or father, as the case may be, of such applicant went through a marriage ceremony resulting in a purported marriage between them which, but for a legal impediment * * * would have been a valid marriage." Plaintiffs do not contend that they qualify for benefits under either of these two provisions.

In 1965, Public Law 89–97, § 339(a), 79 Stat. 286 added section 216(h) (3), 42 U.S.C. § 416(h) (3), under which plaintiffs in this case are deemed to be the children of the deceased wage earner. That section provides in pertinent part:

(3) An applicant who is the son or daughter of a fully or currently insured individual, but who is not (and is not deemed to be) the child of such insured individual under paragraph (2) of this subsection, shall nevertheless be deemed to be the child of such insured individual if:

   *    *    *    *    *    *

(C) in the case of a deceased individual—
(i) such insured individual—

(I) had acknowledged in writing that the applicant is his son or daughter,

   *    *    *    *    *    *

* * * and such acknowledgement * * * was made before the death of such insured individual.

Section 202(d) of the Act, 42 U.S.C. § 402(d), provides that every child of an individual who dies a fully or currently insured individual is entitled to a child's insurance benefits if such child was dependent upon such individual at the time of his death and has filed an application for such benefits. The section also provides that a child who is deemed to be his father's child under section 216(h) (3) of the Act will be deemed to be dependent on him for the purposes of that section. The respondent acknowledges that plaintiffs are entitled to survivors insurance benefits under the provisions of these sections.

In 1968, however, Congress adopted Public Law 90–248, § 163(a) (1), 81 Stat. 821, amending section 203(a) of the Act, 42 U.S.C. § 403(a), which provided that whenever the total monthly benefits of entitled individuals exceeded the maximum monthly amount payable from the insured's account, the benefits to each individual would be reduced proportionately. The amendment provided:

Whenever a reduction is made under this subsection in the total of monthly benefits to which individuals are entitled for any month on the basis of the wages and self-employment income of an insured individual, each such benefit other than the old-age or disability insurance benefit shall be proportionately decreased; except that if such total of benefits for such month includes any benefit or benefits under section 402(d) of this title which are payable solely by reason of section 416 (h) (3) of this title, the reduction shall be first applied to reduce (proportionately where there is more than one benefit so payable) the benefits so payable (but not below zero).

Plaintiffs are complaining that this portion of section 203(a) is an unconstitutional denial of their right to proportionate shares of the monthly grant.

Since the parties agree that the constitutionality of section 203(a) (3) is the only question before the court, no more than a cursory review of the facts is necessary. The wage earner, Robert E. Garner, died on January 16, 1964, fully insured and domiciled in the state of

Florida. He was survived by his wife, Ruth Garner, and six legitimate children of this marriage. He never divorced his wife. They separated in 1955, however, and the wage earner lived with Helen Tripp Ketchum until 1961, during which time he had five children by her.

Mrs. Garner, the deceased's widow, filed for survivors insurance benefits on January 22, 1964. Effective January, 1964, the Social Security Administration determined Mrs. Garner to be the legal widow of the deceased and awarded her benefits for herself and her six minor children. Mrs. Ketchum also filed an application for survivors insurance benefits on behalf of her five children. The Social Security Administration disallowed her claim initially on April 1, 1964 and upon reconsideration on June 8, 1964.

Nearly five years later, after section 216(h) (3) was adopted, Mrs. Ketchum filed another application for children's insurance benefits. The Social Security Administration again disallowed her claim, but issued a Certificate of Social Insurance Award on February 26, 1969 which certified that three of Mrs. Ketchum's five children—Robert, Lois and Martha—were entitled to insurance benefits under section 216(h) (3). Under section 203(a) (3), however, no payments could then be made because the maximum monthly amount was already being paid to Mrs. Garner and those of the deceased's legitimate children who were still entitled to benefits. Mrs. Ketchum requested reconsideration. On May 29, 1969, the reconsideration branch affirmed the entitlement award to Robert, Lois and Martha and the denial of entitlement to Mrs. Ketchum's remaining two children, Edward and Theresa.

Mrs. Ketchum requested a hearing, and, on February 11, 1970, she appeared with counsel before a hearing officer. After de novo consideration of the case, the hearing officer concluded, first, that Robert, Lois and Martha were entitled to benefits, but only at such time as the other claimants did not exhaust the maximum family allowance, and second, that Edward and Theresa were not entitled to benefits. On May 11, 1970, Mrs. Ketchum made a timely request for review, and on October 23, 1970, the Appeals Council issued its opinion modifying the hearing examiner's decision. The Appeals Council found that all of Mrs. Ketchum's five children were entitled to children's insurance benefits.[1] However, the Appeals Council also concluded that the operation of section 203(a) (3) of the Act reduced the amount of their benefits to "zero" since the total benefits payable to other beneficiaries exhausted the maximum payable from the deceased's account.[2] The decision of the Appeals Council that section 203(a) (3) permits Mrs. Ketchum's five children actually to receive benefits only at such time as the other claims do not exhaust the deceased's account constitutes the final decision of the Secretary of Health, Education and Welfare.

Plaintiffs challenge this decision on the grounds that the statutory scheme of priorities embodied in section 203(a) (3) constitutes an invidious discrimination against the class of illegitimate children defined by section 216(h) (3). They argue that since this discrimination has no rational relation to any legitimate purpose of the Social Security Act, it violates the due process clause of the fifth amendment. Their argument delimits

1. Section 216(h) (3) (C) (i) (I) provides that an applicant is deemed to be the deceased's child if the deceased individual acknowledged in writing that the applicant is his son or daughter. The deceased did so acknowledge Robert, Lois and Martha by name. The Appeals Council determined that since other writings of the deceased established the existence of two more children their identity could be shown by extrinsic evidence.

2. The Appeals Council noted that as of September, 1969, only the legal widow, Mrs. Garner, and two of the deceased's six legitimate children were still entitled to benefits. Since those benefits, totaling $283.20, no longer exhausted the family maximum of $286.40, the Social Security Administration began proportionate monthly payments to Robert, Lois and Martha of the residue of $3.20.

the only issue of fact or law before this court for decision.

■ While the fifth amendment contains no equal protection clause, the courts have long recognized that a classification can be so arbitrary and unreasonable as to constitute a violation of due process. "[D]iscrimination may be so unjustifiable as to be violative of [the Fifth Amendment]." Bolling v. Sharpe, 347 U.S. 497, 499, 74 S.Ct. 693, 694, 98 L.Ed. 884 (1953). See Shapiro v. Thompson, 394 U.S. 618, 641, 642–643, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); Chas. C. Steward Machine Co. v. Davis, 301 U.S. 548, 585, 57 S.Ct. 883, 81 L.Ed. 1279 (1937). Recognition of this principle does not, however, permit this court to appraise the constitutionality of statutory classifications on the basis of its own opinion of their wisdom, providence, or harmony with enlightened social policy.[3]

Congress has wide latitude in making classifications. The courts must uphold Congress' selections unless they are so arbitrary that they are totally devoid of a rational or reasonable basis. "Particularly when we deal with a withholding of a noncontractual benefit under a social welfare program such as this, we must recognize that the Due Process Clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification." Flemming v. Nestor, 363 U.S. 603, 611, 80 S.Ct. 1367, 1373, 4 L.Ed.2d 1435 (1960); Williamson v. Lee Optical Co., 348 U.S. 483, 491, 75 S.Ct. 461, 99 L.Ed. 563 (1955).

The test for determining the constitutionality of a classification, then, is whether it has some conceivable rational justification. If there is a reasonable relation between the classification and the object of the legislation, the classification is valid. Under this test, challenges to the constitutionality of classifications in the Social Security Act which have any conceivable reasonable relation to any proper objective have consistently failed. Flemming v. Nestor, *supra*; Chas. C. Steward Machine Co. v. Davis, *supra*. The courts have repeatedly upheld classifications which have limited the amount of benefits, e. g., Gruenwald v. Gardner, 390 F.2d 591 (2d Cir.), cert. denied, 393 U.S. 982, 89 S.Ct. 456, 21 L. Ed.2d 445 (1968), and the eligibility of certain classes to receive them, e. g., Warrenberger v. Folsom, 239 F.2d 846 (3d Cir. 1956).

■ Applying this test, the court concludes that section 203(a) (3) of the Social Security Act, which limits the benefits payable to section 216(h) (3) children to that portion of the deceased's account remaining after full benefits are paid to any other beneficiaries, does not violate the due process clause of the fifth amendment. The mere fact that Congress has enlarged the survivors insurance program to provide benefits for section 216(h) (3) children, who were previously excluded from the program altogether, does not preclude Congress from attaching conditions to the payment of these benefits. The court cannot say that the conditions Congress has chosen to attach are so "utterly lacking in rational justification" as to render section 203(a) (3) unconstitutionally infirm.

■ The general purpose of Old Age, Survivor and Disability Insurance is "to protect workers and their dependents from the risk of loss of income due to the insured's old age, death or disability." Delno v. Celebrezze, 347 F.2d 159, 161 (9th Cir. 1965). Specifically, the purpose of survivor insurance is to protect dependents of the insured who are deprived of their means of support by the death of the wage earner. However, Congress is not obligated to provide benefits for every individual who might con-

---

3. As the Supreme Court said in Helvering v. Davis, 301 U.S. 619, 644, 57 S.Ct. 904, 910, 81 L.Ed. 1307 (1937): "Whether wisdom or unwisdom resides in the scheme of benefits set forth in Title II [of the Social Security Act] is not for us to say. The answer to such inquiries must come from Congress, not the courts. Our concern here as often is with power, not with wisdom."

ceivably have been dependent upon the wage earner for support.[4]

Prior to 1965, a child could qualify for benefits only if he had certain inheritance rights in the deceased wage earner's intestate personal property or if his parents went through a marriage ceremony purporting to be valid. Sections 216(e), 216(h) (2), 42 U.S.C. §§ 416(e), 416(h) (2). Congress did not provide for any benefits for illegitimate children who are now entitled to them by reason of section 216(h) (3). The exclusion of these children from the survivor insurance program was consistently upheld by the courts. *See, e. g.,* Warrenberger v. Folsom, 239 F.2d 846 (3d Cir. 1956); Robles v. Folsom, 239 F.2d 562 (2d Cir. 1956), cert. denied, 353 U.S. 960, 77 S. Ct. 869, 1 L.Ed.2d 911 (1957); Hobby v. Burke, 227 F.2d 932 (5th Cir. 1955); Wieczoreck v. Folsom, 142 F.Supp. 507 (D.N.J.1956). The fact that Congress has chosen to condition their present eligibility for payments does not vitiate the statutory scheme.

Plaintiffs rely on Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968), and Glona v. American Guarantee & Liability Insurance Co., 391 U. S. 73, 88 S.Ct. 1515, 20 L.Ed.2d 441 (1968). In *Levy,* the Court held that it was a violation of equal protection to bar an illegitimate child from recovering under Louisiana's wrongful death statute where recovery by legitimate children was authorized. In *Glona,* a companion case decided the same day, the Court held that denying recovery for damages under Louisiana's wrongful death statute to the parent of an illegitimate child was also a violation of equal protection.[5] A broad reading of both cases certainly leads to the conclusion that the rights of illegitimate children may not be cut off with impunity. However, in Labine v. Vincent, 401 U.S. 532, 91 S.Ct. 1017, 28 L. Ed.2d 288 (1971), the Supreme Court upheld the Louisiana intestate succession laws which barred an illegitimate child from sharing equally with legitimate children in the father's estate. The Court made it clear that *Levy* and *Glona* could not be read as broadly as plaintiffs in this case urge: "*Levy* did not say and cannot be fairly read to say that a State can never treat an illegitimate child differently from legitimate offspring." 401 U.S. at 536, 91 S.Ct. at 1019. Continuing, the Court said:

"There is no biological difference between a wife and a concubine nor does the Constitution require that there be such a difference before the State may assert its power to protect the wife and her children against the claims of

---

4. Congress has several times considered and rejected the *in loco parentis* test whereby a child might qualify for benefits on the record of anyone who lived with him and supported him as a parent. *See* Cong.Rec. 16046–47 (July 6, 1964); *id.* 1787–88 (February 3, 1965); Hearing on H.R. 5710 before the House Committee on Ways and Means, 90th Cong., 1st Sess. 87 (March 1–3, 1967).

Congress has likewise made no provision for common-law widows residing in states which do not recognize the validity of common law marriage. See sections 202 (e) (1), 216(h) (1) (A), 42 U.S.C. §§ 402(e) (1), 416(h) (1) (A); Pierce v. Secretary of United States Dept. of Health, Education and Welfare, 302 F. Supp. 508 (D.Me.1969).

5. In both cases, the Court was concerned with a situation which pitted the parent of the illegitimate child or the illegitimate child himself against third parties:

"When the child's claim of damage for loss of his mother is in issue, why, in terms of 'equal protection,' should the tortfeasors go free merely because the child is illegitimate?" Levy v. Louisiana, 391 U.S. at 71, 88 S.Ct. at 1511. "A law which creates an open season on illegitimates in the area of automobile accidents gives a windfall to tortfeasors." Glona v. American Guarantee & Liability Insurance Co., 391 U.S. at 75, 88 S.Ct. at 1516.

This is quite unlike this case where the illegitimate children's rights to recover are affected by the rights of their parent's legitimate children. The question here is not whether a third party tortfeasor should escape liability altogether simply because his victim is illegitimate, but rather whether illegitimate children must have precisely equal rights with legitimate children in a limited survivor insurance fund.

a concubine and her children. The social difference between a wife and a concubine is analogous to the difference between a legitimate and an illegitimate child. One set of relationships is socially sanctioned, legally recognized, and gives rise to various rights and duties. The other set of relationships is illicit and beyond the recognition of the law." *Id.* at 538, 91 S.Ct. at 1020.

In view of *Labine*, this court cannot conclude that any "discrimination" in favor of legitimate children and against illegitimate children is violative of the principles of equal protection.

Of course, none of these cases is precisely on point. The parties have cited only two cases which are, and the court's own research has failed to disclose any others. In Jordan v. Finch, Civ. Action No. 32–69 (D.N.J. January 27, 1970), Judge Wortendyke relied on *Levy* and *Glona* to conclude that section 203(a) (3) was unconstitutional. In Butts v. Finch, Civ.Action No. 13252 (N.D.Ga. May 19, 1970), Judge Edenfield upheld the enforcement of that section without reference to the constitutional issue. Both of these cases, however, were decided prior to *Labine*. For this reason alone, neither is controlling here.

The survivor insurance program is a limited one,[6] but the Supreme Court has specifically upheld the constitutional validity of analogous "maximum grant" provisions. Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). This court need not indulge in wild speculation to conclude that simple regard for contemporary notions of decency may well have prompted Congress' 1965 amendment of the social security law to permit illegitimate children to qualify for survivor insurance benefits. The subsequently adopted limitation on their right actually to receive benefits embodied in section 203(a) (3) does no more than express Congress' concomitant determination that its solicitude for

illegitimate children should not dilute its primary commitment to those children who are legitimate. "For these purposes, it is, of course, constitutionally irrelevant whether this reasoning in fact underlay the legislative decision, as it is irrelevant that the section does not extend to all to whom the postulated rationale might in logic apply." Flemming v. Nestor, *supra*, 363 U.S. at 612, 80 S. Ct. at 1373. Since Congress could limit rights exclusively to legitimate children, as the courts have consistently held that it can, this court cannot conclude that Congress is constitutionally unable to condition such rights as it may extend to illegitimate children upon the availability of a residue from the limited funds allocated to the program.

The pleadings and the record of the administrative proceedings on file show that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law. It is therefore ordered that the decision of the Secretary of Health, Education and Welfare be and hereby is affirmed, and the defendant's motion for summary judgment is granted.

---

6. Section 215 of the Social Security Act, 42 U.S.C. § 415, sets out the tables for determining the primary insurance amount and the maximum family benefits payable under section 203(a), 42 U.S.C. § 403(a).